```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
             Criminal No. 3:90-48(2)(DSD)
                Civil No. 15-105(DSD)
```

United States of America,

       Plaintiff,

v.                                  **ORDER**

Andrew Jerome Bigbee,

       Defendant.

    Nathan P. Petterson, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Andrew Jerome Bigbee, #04727-041, USP Leavenworth, P.O. Box 1000, Leavenworth, KS 66048, pro se.

This matter is before the court upon the pro se motion by defendant Andrew Jerome Bigbee to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

## BACKGROUND

On February 25, 1990, Bigbee pleaded guilty to conspiracy to distribute and possess more than five kilograms of cocaine and conspiracy to conduct financial transactions involving the proceeds from the distribution of cocaine. The court sentenced Bigbee to 240 months' imprisonment to be followed by ten years' supervised

release.  Bigbee was released from custody on September 14, 2007. On January 28, 2014, Bigbee appeared before the court for a final revocation hearing based on the following violations: (1) felon in possession of a firearm; (2) felony theft; and (3) use of methamphetamine.  The first two violations were based on charges pending in Hennepin County.

Bigbee's counsel, Joseph Friedberg and Bruce Rivers, agreed with the government to have Bigbee admit the controlled substance violation, which was the lesser of the three violations.[1]  Hr'g Tr. at 8-9.  The admitted violation carried a recommended term of imprisonment of seven to thirteen months.  Id. at 8.  The government requested an eighteen-month sentence, and defendant requested a thirteen-month sentence.  Id. at 9.  Both parties recommended that Bigbee's supervised release be terminated.[2]  Id. The court sentenced Bigbee to eighteen months' imprisonment with no supervision to follow.  Id. at 17.  The court advised Bigbee that he had fourteen days to file a notice of appeal and that, if requested, an attorney would be appointed for his appeal at no cost.  Id. at 18.  The court advised Bigbee to confer with Friedberg about the possibility of an appeal.  Id.

---

[1] The firearm charge was a Grade A violation, the theft charge was a Grade B violation, and the controlled substance violation was a Grade C violation.

[2] Bigbee had three and a half years of supervised release remaining.

2

Bigbee was given until February 3, 2014, to voluntarily surrender. Id. at 18-19. When he failed to do so, the court issued an arrest warrant. ECF No. 89. Bigbee turned himself in on February 5, 2014. On February 5, 2014, assistant federal defender Andrew Mohring filed a notice of appearance on Bigbee's behalf to represent him on the failure-to-surrender charge. ECF No. 91; Mohring Aff. ¶ 3. At the hearing, the court quashed the warrant at the government's request and Bigbee was taken into custody to begin serving his sentence. Mohring Aff. ¶ 3. Bigbee asked Mohring about appealing his sentence and Mohring told him that his lawyer at the revocation hearing would be responsible for advising him with respect to any appeal. Id. ¶ 4. Bigbee told Mohring that he was having difficulty getting in touch with his lawyer. Id. Mohring then filed a motion requesting a thirty-day extension to file a notice of appeal. Id. ¶ 5; ECF No. 93. The court granted the motion the same day. ECF No. 94. Mohring informed Bigbee's lawyer of the extension, but did not have further communication with Bigbee during the appeal period. Mohring Aff. ¶ 6. No appeal was ever filed.

On January 15, 2015, Bigbee filed a motion under § 2255, arguing that his counsel at the revocation hearing was constitutionally ineffective for failing to advise him and the court that he was eligible for a drug treatment program in lieu of incarceration. Bigbee also argues that Mohring was ineffective for

3

failing to file a notice of appeal. Bigbee is scheduled for release on May 7, 2015.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

**I. Ineffective Assistance of Counsel - Revocation Hearing**

Bigbee first argues that his counsel at the revocation hearing was constitutionally ineffective for failing to advise him and the court that he was eligible for a drug treatment program in lieu of imprisonment. To show that he received ineffective assistance of

counsel, a movant must meet both prongs of the test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). <u>See</u> <u>United States v. Williams</u>, 562 F.3d 938, 941 (8th Cir. 2009). First, a movant must show that his counsel's performance was so deficient that it was objectively unreasonable. <u>Strickland</u>, 466 U.S. at 687-88. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. <u>Id.</u> at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> Second, a movant must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Id.</u> at 694.

Bigbee has not met the <u>Strickland</u> standard. First, Bigbee's counsel was not deficient for failing to address alternatives to imprisonment. There is no basis to conclude that the court or Bigbee's counsel believed that imprisonment was mandatory. Rather, Bigbee's violations were such that the court believed that imprisonment was necessary to deter Bigbee from future illegal conduct. <u>See</u> Hr'g Tr. at 18 ("[T]he Court has considered the defendant's history of repeated noncompliance with conditions of his supervised release, particularly with regard to controlled

substances and finds that the sentence imposed affords adequate deterrence to future criminal conduct.").

Second, Bigbee has not established the required prejudice. As noted, Bigbee was before the court on three serious supervised release violations. Under the circumstances, and given his two previous violations, the court believed that imprisonment was appropriate. The court would not have placed Bigbee in a drug treatment program in lieu of imprisonment even if counsel had advocated for such placement. As a result, Bigbee has failed to meet his burden under Strickland.

**II.   Ineffective Assistance of Counsel - Notice of Appeal**

Bigbee argues that Mohring was ineffective in failing to file a notice of appeal. The failure to file a notice of appeal at the request of a client constitutes ineffective assistance of counsel. United States v. Luke, 686 F.3d 600, 606 (8th Cir. 2012). Mohring's affidavit establishes, however, that he informed Bigbee that his counsel at the revocation hearing was responsible for advising him as to any appeal. Mohring voluntarily secured an extension to allow Bigbee more time to confer with his counsel about a possible appeal, but took no further action as Bigbee's counsel. There is no credible evidence in the record that Bigbee asked Mohring to file a notice of appeal on his behalf.[3] As a

---

[3] Bigbee does not contend that he expressly requested that Mohring file a notice of appeal, but states he believes that his
(continued...)

result, Bigbee has not established that Mohring was ineffective in failing to do so.[4]

### III. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  As discussed, the court is firmly convinced that Bigbee's claim is baseless, and that reasonable jurists could not differ on the results given the nature of defendant's arguments. A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to vacate, set aside, or correct sentence [ECF No. 95] is denied; and

---

[3](...continued)
friend contacted Mohring on an unidentified date to remind him to file a notice of appeal. ECF No. 96, at 11.  This vague statement is insufficient to overcome Mohring's affidavit.

[4]   Bigbee does not allege that Friedberg or Rivers was ineffective for failing to file a notice of appeal. ECF No. 96, at 10.

2.   Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 2, 2015

                                                             s/David S. Doty
                                                             David S. Doty, Judge
                                                             United States District Court